**SUALEVAI SEA and TAUFUSI LEASAU, for themselves and on
behalf of the ATOE FAMILY, Plaintiffs**

**v.**

**AMERICAN SAMOA GOVERNMENT and SOLA LAGAI,
Defendants**

---

**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**SOLA LAGAI, SUALEVAI SEA, TAUFUSI LEASAU, and SA`O
or LEGAL REPRESENTATIVE of the ATOE FAMILY of Village
of Fitiuta, Manu`a, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 49-91 and LT No. 53-91

May 10, 1995

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and
BETHAM, Associate Judge.

Counsel:      .For Plaintiffs/Defendants Sualevai Sea, Taufusi Leasau,
on behalf of the Atoe Family, Gata' E. Gurr
For Defendant/Plaintiff American Samoa Government,
Elvis R.P. Patea, Assistant Attorney General
For Defendant Sola Lagai, Arthur Ripley, Jr.

Opinion and Order:

In LT No. 49-91, plaintiffs Sualevai Sea ("Sualevai") and Taufusi Leasau
("Taufusi"), on behalf of the Atoe family, and defendant Sola Lagai
("Sola") are vying to receive the rental compensation for the use of certain
land within the Fitiuta airport operated by defendant American Samoa
Government ("ASG"). In LT No. 53-91, ASG as stakeholder interpleaded
Sualevai, Taufusi, and the principal chief ("sa`o") or other legal
representative of the Atoe family, and Sola as defendants for the purpose
of depositing the rental compensation with the High Court pending the

court's decision on entitlement to it. After consolidation, the two cases were tried on March 9 and 10, 1995. The individually named parties were present with their counsel, along with ASG's counsel.

## FINDINGS OF FACT

Several years ago, ASG programmed the construction and operation of a public airport to be located in the Village of Fitiuta, Manu`a Islands, American Samoa. As a major process in the program, ASG negotiated lease agreements with the owners of the land on which the airport was to be constructed. ASG reached an agreement with Sola for the use of one parcel, named "Tiafala" and designated Lot 17 on ASG's survey of the airport area. On January 5, 1988, ASG and Sola signed a lease of Lot 17 to ASG for 55 years, with a monthly rental of $100 per acre for the first five years of the lease term. As amended on March 8, 1991, Lot 17 consisted of 5.572 acres, which generated a monthly rental of $557.20. The rental is subject to a renegotiated amount for each five-year period of the lease.

By stipulation, ASG had deposited $44,575.60 with the court and inadvertently released to Sola $3,343.20, representing the rental payments for the months of January 1988 through February 1995. ASG is obligated to continue monthly deposits of $557.20, subject to any readjustment in the rent for the second five-year period of the lease, which began in January 1993.

The evidence submitted by Sualevai and Taufusi in this case was diametrically opposed to the evidence presented by Sola in virtually every significant aspect. We can resolve the ultimate fact 'of the ownership of Lot 17 from another perspective without setting forth these conflicts in elaborate detail. Unquestionably, while each family is distinct, the Lagai and Atoe families' histories are intertwined. They still interact frequently and occupy neighboring land not far from Lot 17. Furthermore, they are blood related.

While they are Atoe family members, Sualevai and Taufusi have their genuine roots and essential interests outside of Fitiuta. As outsiders, their evidenced motivation in this matter was the substantial financial stake at issue. The meeting held in the Village of Nu`uuli on the Island of Tutuila one Saturday evening in 1992 or 1993 was devised to induce Sola as an Atoe family member to agree to a course of action, later recanted, for the release of the rental funds.

31

The Atoe family members, who are Fitiuta residents and who testified in support of Sualevai and Taufusi, were not persuasive. One in particular had other self-interests. He is a matai in yet another family. He leased land to ASG, identified as Atoe family land and designated as Lot 3 in the airport survey, and had reason to protect his claim to individual ownership of this land as opposed to communal ownership by any family.

Moreover, we find the testimony of Sola, the present sa`o of the Lagai family and a lifelong Fitiuta resident, and his witnesses, also Fitiuta residents, substantially more compelling on the land ownership issue. In short, we find that the land named "Tiafala" and portion of it designated Lot 17 is communal land of the Lagai family.

## CONCLUSIONS OF LAW AND ORDER

Since Lot 17 within the land named "Tiafala" is communal land of the Lagai family, Sola, as the sa`o and on behalf of his family, is entitled to receive the rental funds held by the court for the lease of this land by ASG for the Fitiuta airport. The clerk of the court shall deliver these funds to Sola when this order becomes a final decision. Until then, ASG shall continue to deposit the monthly rental payments with the court. ASG shall thereafter make the monthly rental payments directly to Sola.

It is so ordered.